# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: Q.E. & Z.E.**

**No. 14-1186** (Kanawha County 14-JA-217 & 14-JA-218)

## MEMORANDUM DECISION

Petitioner Father, by counsel Natalie Atkinson, appeals the Circuit Court of Kanawha County's October 21, 2014, order terminating his parental rights to two-year-old Q.E. and two-year-old Z.E. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Jones, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon Childers, filed a response on behalf of the children that supports the circuit court's order. Petitioner filed a reply. On appeal, Petitioner Father argues that the circuit court erred in terminating his parental rights and in making evidentiary rulings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 4, 2014, petitioner was charged with child neglect resulting in injury and child abuse resulting in injury. Several days later, the DHHR filed an abuse and neglect proceeding against petitioner alleging that he struck Z.E. in the face because the child would not stop crying. The petition further alleged the petitioner failed to provide the children with necessary food, clothing, supervision, and housing.[1]

Petitioner waived his right to a preliminary hearing, and the circuit court directed the DHHR to provide petitioner with services after he was released from jail, including a psychological/substance abuse evaluation, supervised visitation, parenting/adult life skills classes, and random drug screens. In August of 2014, the circuit court held an adjudicatory hearing during which petitioner admitted that his substance abuse negatively affected his ability to parent his children. Accordingly, the circuit court adjudicated petitioner as an abusing parent. In September of 2014, the circuit court held a dispositional hearing and terminated petitioner's parental rights.[2] It is from this order that petitioner appeals

The Court has previously established the following standard of review:

---

[1]Further, the DHHR stated that petitioner admitted that all he does is "sit around and smoke pot all day" while the children are in his care

[2]Petitioner remained incarcerated on his related criminal charges.

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights based upon his use of marijuana. Petitioner also asserts that he could not participate in rehabilitative services because he was incarcerated during the underlying proceedings. This Court has stated:

When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *Id*. The case of *In re Cecil T.* also recognized that "this Court has never held that incarceration can not [sic] be the sole basis for terminating parental rights." *Id*. at 96, 717 S.E.2d at 880.

Upon review, this Court finds no merit to petitioner's argument. The record shows that the circuit court relied upon factors other than petitioner's incarceration in reaching disposition. The record shows that petitioner failed to acknowledge the underlying conditions of abuse. We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable

2

and in making an improvement period an exercise in futility at the child's expense.

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *W.Va. Dep't of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)). The evidence produced at the dispositional hearing supports that circuit court's order terminating petitioner's parental rights. Petitioner's psychological evaluation indicates that petitioner's "prognosis to . . . effectively parent [his children] is extremely poor upon his denial and minimization of problems . . . ." Further, while petitioner admitted to using marijuana, he denied that he had a drug problem. This evidence constitutes a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future under West Virginia Code § 49-6-5(b)(2). In such circumstances, circuit courts are directed to terminate parental rights upon this finding and when termination is necessary for the child's welfare pursuant to West Virginia Code § 49-6-5(a)(6).

Petitioner also argues that he was unfairly prejudiced because of the DHHR reliance upon his psychological report, which was not properly provided to his counsel. Petitioner contends that his counsel did not receive a copy of this report until the morning of his dispositional hearing in violation of Rule 10(e) of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings.[3]

We have previously held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001). The record in this case is devoid of any evidence that the DHHR violated Rule 10(e). Petitioner failed to produce any evidence to show that the report from his psychological evaluation was intentionally withheld from counsel or that it could have been produced any earlier than the day of the dispositional hearing. Petitioner further acknowledged that the circuit court temporarily suspended the hearing to allow petitioner to review the evaluation. We have previously held that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). The record reflects that, petitioner was "afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine evidence." W.Va. Code § 49-6-2(c). Accordingly, we find that the Rules of Procedure for Abuse and Neglect Proceedings were not "substantially disregarded or frustrated."

---

[3]Rule 10(e) that "[i]f, prior to . . . any hearing, a party discovers additional evidence or material that should have been disclosed, that party shall promptly notify all other parties and their counsel . . . ."

For the foregoing reasons, we find no error in the decision of the circuit court and its October 21, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:**  April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4